IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TIMOTHY C. ROTE**, | Case No. 3:19-cv-1988-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES,** *et al.*, | |
| Defendants. | |

Timothy C. Rote, *pro se*.

Scott Erik Asphaug, United States Attorney, and Jared D. Hager, Assistant United States Attorney, U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF OREGON, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States, United States Department of Justice, Hon. Robert Kugler, Hon. Paul Papak, Hon. Marco Hernández, Hon. Michael Mosman, Nancy Walker, and Billy Williams.

Ellen F. Rosenblum, Attorney General, and Nathaniel Aggrey, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Defendants Oregon Judicial Department, Hon. Robert Herndon, Hon. James Egan, and Hon. Kathie F. Steele.

Matthew J. Yium, FOSTER GARVEY PC, 121 SW Morrison Street, Eleventh Floor, Portland, OR 97204. Of Attorneys for Defendants Professional Liability Fund, Carol Bernick, and Oregon State Bar.

**Michael H. Simon, District Judge.**

Defendants Oregon State Bar (OSB), Professional Liability Fund (PLF), and Carol Bernick (collectively, the Moving Defendants) move under Rule 54(d)(2) of the Federal Rules of Civil Procedure, Local Rule (LR) 54-3, and 42 U.S.C § 1988(b) for an award of attorney's fees incurred in successfully moving to dismiss Plaintiff Timothy Rote's claims against them. For the reasons explained below, the Court denies Moving Defendants' motion.

## STANDARDS

In a civil rights lawsuit brought under 42 U.S.C. §§ 1983 or 1985, a district court may in its discretion award the prevailing party its reasonable attorney's fees as part of costs. 42 U.S.C. § 1988(b); *A.D. v. Cal. Hwy. Patrol*, 712 F.3d 446, 460 (9th Cir. 2013). If the defendant is the prevailing party, the district court may award fees under § 1988(b) "upon a finding that the plaintiff's action was *frivolous, unreasonable, or without foundation*." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (emphasis added) (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)).

A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565

F.3d 1097, 1102 (9th Cir. 2009). [1] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

## BACKGROUND

Plaintiff, representing himself, brought this lawsuit against several state and federal judges, several state and federal agencies, a court reporter, and others, alleging that all Defendants engaged in a conspiracy to retaliate against him and deprive him of his constitutional and civil rights. With respect to Moving Defendants, Plaintiff alleged that the PLF and Bernick (the previous executive director of the PLF) retaliated against him in violation of the First Amendment by providing legal representation to Max Zweizig, Plaintiff's former employee. Plaintiff also alleged that Bernick violated Plaintiff's right to procedural due process because she knew that counsel hired by the PLF had filed in court two transcripts from a prior hearing involving Plaintiff. Plaintiff also alleged that the PLF violated his right to procedural due process by using funds from an offshore bank account to bribe judges to issue rulings favorable to the

---

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996)).

PLF. Plaintiff alleged that OSB violated his First Amendment and procedural due process rights by failing to open an investigation into Zweizig's prior counsel upon receiving Plaintiff's ethics complaint.

Three sets of defendants filed motions to dismiss, arguing that Plaintiff's allegations were implausible and conclusory and that Plaintiff's lack of standing, the principle of judicial immunity, the *Rooker-Feldman* doctrine, and other legal issues barred Plaintiff's claims. At oral argument, Plaintiff agreed to withdraw his claims against OSB. On December 30, 2021, the Court granted all remaining Defendants' motions to dismiss. *See Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of United States*, --- F. Supp. 3d ---, 2021 WL 6197041 (D. Or. Dec. 30, 2021). The Court dismissed Plaintiff's claims against the PLF and Bernick without prejudice and with leave to amend if Plaintiff believed that he could cure the deficiencies identified in the Court's Opinion and Order. After the Court issued its Opinion and Order, Plaintiff filed a motion to amend under Rule 15. The Court denied Plaintiff's motion. The Court explained that Plaintiff's proposed third amended complaint and supporting memorandum did not cure the deficiencies identified in the Court's prior Opinion and Order and thus, any amendment would be futile. The Court therefore dismissed all claims against all Defendants with prejudice. The Court entered judgment on March 23, 2022. Defendants OSB, PLF, and Bernick have timely moved for attorney's fees incurred in defending against Plaintiff's claims.

## DISCUSSION

The Moving Defendants argue that Plaintiff's claims were meritless and brought in bad faith and that an attorney fee award is needed to deter future frivolous filings. Defendants point out that eight attorney fee awards previously have been entered against Plaintiff in related litigation and that other courts have warned Plaintiff that frivolous filings may result in adverse attorney fee awards. Defendants argue that Plaintiff's allegations of widespread conspiracy lack

any plausible foundation and subjected Defendants to needless years of litigation. Further, Defendants argue, Plaintiff has demonstrated a nuanced understanding of the law after more than two decades of related litigation and so inexperience or unfamiliarity with the law cannot explain his repeatedly frivolous filings.

In response, Plaintiff repeats many of the factual allegations about Defendants and asserts that his claims were not meritless or brought in bad faith. Plaintiff also objects to Defendants' redacted time sheets and contends that the amount of fees Defendants seek is unreasonable. After Defendants filed their reply, Plaintiff filed an "Offer of Proof" and supporting declaration, which purports to list the evidence that Plaintiff believes supported his allegations of conspiracy and retaliation.[2]

Although Plaintiff's claims lack merit and may even be frivolous, an award of attorney's fees is not appropriate in this case. Plaintiff agreed to withdraw his claims against OSB at oral argument, and it appears that Plaintiff truly (even if mistakenly) believes the facts that he alleges, as implausible and groundless as they may be. Thus, Court in its discretion declines to award attorney's fees to the Moving Defendants. *See Thomas v. City of Tacoma*, 410 F.3d 644, 650-51 (9th Cir. 2005) (stating that even if a plaintiff's claims are frivolous, the district court may in its discretion deny an award of attorney's fees); *see id.* at 651 ("Notwithstanding such a finding, the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case. (quoting *Tang v. State of Rhode Island*, 163 F.3d 7, 15 (1st Cir. 1998))).

---

[2] The Court construes Plaintiff's "Offer of Proof" as a motion for leave to file a sur-reply. The Court grants that motion and has considered Plaintiff's "Offer of Proof."

## CONCLUSION

The Court DENIES Defendants Professional Liability Fund, Carol Bernick, and Oregon State Bar's Motion for Award of Attorney Fees (ECF 92).

**IT IS SO ORDERED**.

DATED this 13th day of June, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge